UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DEBBIE E. McGHEE, )
)
      Plaintiff, )
)
)
v. ) 3:05-CV-132
) (VARLAN/SHIRLEY)
)
JO ANNE B. BARNHART, )
Commissioner )
of Social Security, )
)
      Defendant. )

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 13] and the defendant's motion for summary judgment. [Doc. 15]. Plaintiff Debbie E. McGhee seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits, as set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(b). These include: mild hearing loss, cervical spondylosis, myalgias, and anxiety.

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. § 404.1527).

7. The claimant has the following residual functional capacity to perform light work activity lifting twenty pounds occasionally and ten pounds frequently, sitting for up to six hours in an eight-hour day, standing for up to six hours, and walking for up to six hours in an eight-hour day; with breaks. She has moderate pain with moderate loss of concentration. She can perform rote, repetitive tasks, carry out simple and some detailed tasks. She can work adequately with others and had adequate concentration and attention. She has difficulty bending, stooping, and squatting. She has mild hearing loss.

8. The claimant is unable to perform any of her past relevant work (20 C.F.R. § 404.1545).

9. The claimant is a younger individual (20 C.F.R. § 404.1563).

10. The claimant has a "high school education" (20 C.F.R. § 404.1564).

2

> 11. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. § 404.1568).
>
> 12. The claimant has the residual functional capacity to perform a significant range of light work.
>
> 13. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decisionmaking, there are a significant number of jobs in the national economy which she could perform.
>
> 14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(f)).

(Tr. 51-52).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant

3

evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff argues on appeal that the ALJ erred in finding that she could perform a significant range of light work and erred in his credibility determination of her pain. With respect to her ability to perform light work, plaintiff contends that the ALJ assumed that plaintiff could perform light work and that he failed to inquire of the VE the demands of her former work, merely assuming she had the RFC to perform light work.

First, the Commissioner notes that the demands of plaintiff's former work are only material at Step 4 of the sequential evaluation. Furthermore, she argues that given the lack of physical restrictions from treating physicians, the ALJ reasonably found that plaintiff was not disabled. (Tr. 50). Specifically, the Commissioner points out that none of plaintiff's treating physicians–Drs. Wallace, Uzzle, Isham, and Wike–opined that she had any lifting restrictions or any other restrictions. (Tr. 150-59, 229-37, 252-54, 257-65). In fact, the Commissioner points out that Dr. Wallace stated that plaintiff's pain was psychogenic or generated from her mind, not her body (Tr. 150-51) and that Dr. Uzzle did not find "any objective basis for restrictions or impairment." (Tr. 154). Thus, the Commissioner insists that because no treating physician opined that plaintiff had any restrictions, the ALJ's decision is supported by substantial evidence.

Although plaintiff argues that the ALJ "failed to accord proper weight to the records of her treating physician," Dr. Isham, the Commissioner notes that a treating physician's "records" are not what is entitled weight, but rather, it is a treating physician's "opinion." Thus,

4

the Commissioner maintains that the fact that Dr. Isham never offered an opinion supports the ALJ's decision.

The Commissioner contends that the only physician to find that plaintiff had physical restrictions was consultative examiner Dr. Summers, who accepted as reasonable plaintiff's account of her limitations–that bending, stooping, or lifting greater than 20 pounds worsened her back pain (Tr. 183, 185). Further, the Commissioner maintains that the ALJ adopted these limitations in the hypothetical question. (Tr. 286).

Next, plaintiff argues that the ALJ failed to determine whether she has an underlying impairment that could reasonably be expected to cause her subjective symptoms of pain. However, the Commissioner insists that the plaintiff fails to cite any case in support of her argument and maintains that the crucial question is whether substantial evidence supports the ALJ's evaluation of the intensity and persistence of plaintiff's symptoms and his determination of how plaintiff's symptoms limit her ability to work. Again, the Commissioner maintains that the ALJ's pain evaluation is supported by the fact that several treating and examining physicians reported a lack of objective findings to support the plaintiff's allegations. (Tr. 48-49, 150-51, 154, 184-85, 264). Moreover, she points out that the ALJ also considered plaintiff's allegations, her treatment history, and her medications, as well as her daily activities, such as fishing, gardening, cooking, shopping, cleaning, doing laundry, and driving, in his evaluation of her pain. (Tr. 48, 196). Therefore, based on the foregoing, the Commissioner maintains that the ALJ's evaluation of plaintiff's pain is supported by substantial evidence. (Tr. 48-49).

5

I find the Commissioner's arguments persuasive. As she points out, none of the plaintiff's treating or examining physicians found plaintiff to have any disabling impairments, and several physicians even noted that her pain appeared to be more in her mind than in her body. (Tr. 150-51, 154, 156-57, 192) 20 C.F.R. § 404.1529(c)(2). Further, I agree with the Commissioner that the plaintiff's credibility regarding her level of pain is undermined by the findings of her treating and examining physicians, as well as her activities. (Tr. 49) 20 C.F.R. § 404.1529(c)(3)(i). Therefore, I find that plaintiff has failed to meet her burden of proving that she is disabled. 20 C.F.R. § 404.704 (burden of proof is on the claimant to prove that she is disabled).

In light of the foregoing, it is hereby **RECOMMENDED** that the plaintiff's motion for summary judgment [Doc. 13] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 15] be **GRANTED**.[1]

Respectfully submitted,

s/C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).